**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TERRANCE TUSON,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-cv-3913-NJR** |
| **JOHN EDWARDS, JOHN KEEFER, JOHN WADE, and NURSE AMANDA,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Terrance Tuson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his original Complaint, Tuson alleged that he was denied adequate medical care for his injured hand (Doc. 1). The Complaint was dismissed, however, because he failed to identify individual providers as defendants and named only the State of Illinois and the Illinois Department of Corrections, who were not proper parties (Doc. 12, p. 3). Tuson was granted leave to file an amended pleading.

In June 2024, Tuson filed an Amended Complaint (Doc. 17), which names John Edwards, John Keefer, John Wade, and Nurse Amanda Tuson as defendants and alleges that they were deliberately indifferent in treating his broken hand, in violation of the Eighth Amendment.

The case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a

1

complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

Tuson makes the following allegations: On January 9, 2023, Tuson was involved in a physical altercation on the yard, resulting in injuries to his hand and wrist (Doc. 17, p. 10). He was escorted to the healthcare unit and examined by Nurse Amanda (*Id.*). But she merely stood in the doorway and looked at Tuson, informing him that he must be the winner of the fight, and then she walked away and failed to provide him any medical attention for his injured hand/wrist (*Id.*).

Tuson was next interviewed by correctional officers from internal affairs (*Id.* at pp. 10-11). He told the officers about his hand/wrist and the officers examined his injuries and took pictures (*Id.* at p. 11). Tuson was then escorted to segregation.

On January 10, 2023, Tuson noticed that he could not close his left hand, and a bone appeared to be pressing against his skin (*Id.*). He requested medical attention from Correctional Officer Edwards, but he refused to provide any care (*Id.* at pp. 11, 6). On January 11, 2023, Tuson requested medical attention from Correctional Officer Keefer (*Id.* at p. 12). Tuson informed Keefer that he was in excruciating pain and needed medical attention, but Keefer failed to retrieve medical personnel (*Id.* at p. 6). He asked Correctional Officer Edwards to obtain medical care for him again the next day, but his request was again denied (*Id.*). That same evening, he asked Correctional Officer Wade for access to the grievance box, but Wade denied Tuson's request (*Id.*).

2

Tuson later received x-rays for his injuries that confirmed a broken bone in his hand (*Id*. at p. 6).

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Count 1:** **Eighth Amendment deliberate indifference claim against Nurse Amanda, Correctional Officer Edwards, Correctional Officer Keefer, and Correctional Officer Wade for failing to provide proper medical care for Tuson's injured hand/wrist.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard.**[1]

At this stage, Tuson states a viable claim for deliberate indifference against Nurse Amanda, Correctional Officer Edwards, and Correctional Officer Keefer. He alleges that he spoke to each individual about his injured hand and requested care, but his requests were ignored. That is enough at this stage to state a claim. Tuson fails, however, to state a claim against Correctional Officer Wade. He merely alleges that he told Wade that he wanted to turn in a grievance and Wade failed to retrieve the grievance box (*Id*. at p. 6). Tuson fails to allege that he specifically asked Wade for medical care or that Wade acted with deliberate

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

indifference towards his need for care. Thus, any claim against Wade for deliberate indifference is **DISMISSED without prejudice**.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Nurse Amanda, Correctional Officer Edwards, and Correctional Officer Keefer, but is **DISMISSED without prejudice** as to Correctional Officer Wade.

The Clerk of Court shall prepare for Defendants Nurse Amanda, Correctional Officer Edwards, and Correctional Officer Keefer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Tuson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Tuson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Tuson's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Tuson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Tuson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 11, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

5

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**