**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TERRANCE TUSON, #M40922 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 3:23-cv-03913-NJR |
| | ) | |
| BRANDON EDWARDS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (DOC. 59)**

NOW COME the Defendants, VINCENT KIEFER, and BRANDON EDWARDS, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and for their Response in Opposition to Plaintiff's Motion to Compel (Doc. 59) state as follows:

**INTRODUCTION**

Plaintiff propounded a set of requests for production of documents dated February 23, 2026. On March 25, 2026 Defendants' response was mailed to Plaintiff. On May 19, 2026, Plaintiff filed a Motion to Compel ("Motion") (Doc. 59) and attached a letter he sent to undersigned counsel dated April 12, 2026[1] regarding Defendants' response.

Plaintiff's Motion broadly alleges that Defendants "failed to provide complete responses and failed to produce responsive documents" (Doc. 59 at ¶ 2), "rely on generalized and boilerplate objections" (Doc. 59 at ¶ 3.), and that Defendants "failed to clarify whether all responsive, non-privileged documents had in fact been produced." (Doc. 59 at ¶ 8). Plaintiff's Motion further

[1] Undersigned counsel did not receive Plaintiff's letter until May 1, 2026 because Plaintiff sent it to an incorrect address (521 Vermont Street, Quincy, Illinois, 62301) rather than the correct address (500 South Second Street, Springfield, Illinois 62701).

alleges that Plaintiff narrowed and clarified his requests in #1 - #14 (Doc. 59 at ¶ 9) but that Defendants "failed to adequately supplement their responses, failed to confirm whether all responsive materials had been produced, and failed to provide sufficient explanations regarding the search for responsive materials." (Doc. 59 at ¶ 10). Finally, Plaintiff claims that Defendants "failed to explain the scope of the search conducted, the locations searched, whether footage once existed, the applicable retention policies, or whether any responsive footage was destroyed, overwritten, or otherwise unavailable" (Doc. 59 at ¶ 11) and that Defendants failed to provide a privilege log (Doc. 59 at ¶ 12). Plaintiff's Motion should be denied for each of the reasons set forth below.

## ARGUMENT

Plaintiff's claim that Defendants failed to confirm whether all responsive documents have been produced is unavailing. Plaintiff's original request did not request such a confirmation. Moreover, the discovery deadline in this case is June 12, 2026 (Doc. 56) and discovery has not yet closed. The parties are under an ongoing obligation to supplement discovery disclosures pursuant to the Court's Scheduling and Discovery Order (Doc. 51 at ¶ E) and Rule 26(e) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(e).

Also without merit is Plaintiff's claim that Defendants failed to provide sufficient explanations regarding the search for responsive materials and "the scope of the search conducted, the locations searched, whether footage once existed, the applicable retention policies, or whether any responsive footage was destroyed, overwritten, or otherwise unavailable." Plaintiff did not originally request such information and, to the extent Plaintiff requested such information in his letter purporting to attempt to resolve discovery disputes, this request does not represent a

narrowing or clarification of the request, but instead a new, additional request that Plaintiff is free to submit in a subsequent discovery request.

Plaintiff's claim that Defendants failed to produce a privilege log is also without merit. Plaintiff's original request did not request such information. And again, to the extent Plaintiff requested such information in his letter, such a request is a new, additional request that Plaintiff must submit in a subsequent discovery request.

Plaintiff's Motion does not raise specific objections to Defendants' individual responses to Plaintiff's original discovery requests but asserts a blanket claim that Defendants rely on generalized and boilerplate objections. (Doc. 59 at ¶ 3). This bald assertion is insufficient to support a motion to compel. Moreover, although Defendants objected to many of Plaintiff's requests, subject to those objections, Defendant referred Plaintiff to responsive documents. (See Defendants' responses to requests #1-#11 and #13). Only responses to requests #12 and #14 did not refer Plaintiff to disclosed documents, and these responses indicated that no responsive documents were identified.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel, and for any other relief the Court deems just and proper.

Respectfully submitted,

VINCENT KIEFER, and BRANDON EDWARDS,

Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

Attorney for Defendants,

s/ Todd Nelson

Todd Nelson, #6283617
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 785-4555
Facsimile: (217) 782-8767
E-Mail: Todd.Nelson@ilag.gov;
GLS@ilag.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TERRANCE TUSON, #M40922 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 3:23-cv-03913-NJR |
| | ) | |
| BRANDON EDWARDS, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, the foregoing document, *Defendants' Response in Opposition to Plaintiff's Motion to Compel (Doc. 59* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Keith B. Hill khill@heylroyster.com

Michael A. Hall mhall@heylroyster.com

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

Terrance Tuson, #M40922
Menard Correctional Center
Individual in Custody Mail/Parcels
711 Kaskaskia Street
PO BOX 1000
Menard, IL 62259

By: s/Todd Nelson
Todd Nelson, #6283617
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
Telephone: (217) 785-4555
Facsimile: (217) 782-8767
E-Mail: Todd.Nelson@ilag.gov;
GLS@ilag.gov