**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

TERRANCE TUSON,

      **Plaintiff,**

v.

                                         **Case No. 3:23-CV-3913-NJR**

JOHN EDWARDS, JOHN KEEFER,
and AMANDA CHOATE,

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Terrance Tuson, an inmate of the Illinois Department of Corrections housed at Menard Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights under the Eighth Amendment. Specifically, Tuson claims Defendants John Edwards and John Keefer, both correctional officers, and Defendant Amanda Choate, a nurse, were deliberately indifferent to his serious medical needs when they failed to provide proper medical care for his injured hand and/or wrist. (Docs. 17, 18).

Tuson now moves the Court to compel discovery responses from Defendants. (Doc. 59). Tuson propounded his first Request for Production of Documents on February 23, 2026. (Doc. 63-1). All Defendants timely responded and objected to Tuson's requests, and Defendant Choate supplemented her responses on April 2, 2026. (*See* Docs. 62, 63-2, 63-3). Defendants objected to Tuson's requests on the grounds that they were vague, overly broad, unduly burdensome, and unlimited in time or subject matter. Defendant Choate also objected to all but one request on the grounds of insurer-insured privilege,

attorney-client privilege, and the work-product doctrine. (Doc. 63-5). Notwithstanding these objections, Defendants Edwards and Keefer pointed Tuson to a number of documents in their initial disclosures and disclosed additional documents consisting of photos related to Tuson's allegations. (*See* Doc. 59).

After attempting to meet and confer via letter and narrowing his requests, Tuson filed the instant motion to compel, arguing that Defendants are improperly relying on generalized and boilerplate objections without explaining the basis for the objections or whether any responsive documents are being withheld. He also asserts that Defendants have failed to sufficiently explain how and where they searched for responsive materials, including surveillance footage and incident reports, and whether all responsive, non-privileged documents have in fact been produced. Defendants filed responses in opposition (Docs. 62, 63), and Tuson filed a reply brief (Doc. 68).

<strong>LEGAL STANDARD</strong>

Rule 26 of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rayome v. Abt Elecs.*, No. 21 C 2639, 2024 WL 4119139 (N.D. Ill. Sept. 9, 2024) (quoting *Nw. Mem'l Hosp.*

*v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004)). Under Rule 34, a party may file a motion to compel discovery if a party fails to produce documents as requested. FED. R. CIV. P. 37(a)(3)(B)(iv). Nevertheless, requested discovery must be "reasonably tailored" to produce information that bears on a party's claims as alleged in the complaint. *Smith v. Portwood*, No. 19 C 5329, 2021 WL 4318076, at *2 (N.D. Ill. Sept. 23, 2021). "Completely open-ended discovery requests without time limitations rarely, if ever, withstand scrutiny." *Davis v. Mitchell*, No. 19 C 3212, 2022 WL 2073010, at *2 (N.D. Ill. June 9, 2022) (collecting cases). A court is not required to re-write an overbroad discovery request for the parties. *Arsberry v. Wexford Health Sources, Inc.*, No. 3:17-CV-50044, 2021 WL 5232733, at *2 (N.D. Ill. Nov. 10, 2021).

### DISCUSSION

In his motion to compel, Tuson argues that Defendants' production is deficient because they (1) relied on boilerplate objections that his requests were overly broad or vague; (2) referenced previously produced materials Bates-stamped 000001 to 000335 without clarifying whether all responsive documents had, in fact, been produced; (3) failed to adequately supplement their responses after he narrowed his requests and failed provide sufficient explanations regarding the scope of their searches for responsive materials; and (4) failed to provide a privilege log pursuant to Rule 26(b)(5).

### A. Defendants' Objections to Vagueness and Overbreadth Were Proper

Tuson first argues that Defendants' boilerplate objections should be overruled because Defendants did not explain the basis for the objections. The Court, however, agrees with Defendants that Tuson's original requests were vague and overbroad. For example, Tuson sought "all statements" and "all correspondence or other documents sent

or received by anyone" related to the incident, the damages claimed, or any other matters alleged in the complaint. Likewise, with regard to medical records, he requested all records "concerning the plaintiff, whether or not alleged to relate to the injury or damages suffered as a result of this incident." Indeed, none of Tuson's original requests were limited in time or scope. Accordingly, Defendants' objections to their vagueness and overbreadth were properly asserted.

## B. Defendants Are Under a Continuing Obligation to Supplement

Tuson next takes issue with Defendants Edwards's and Keefer's failure to clarify whether the documents referenced in their responses are actually all of the responsive documents that exist. Specifically, Defendants Edwards and Keefer referred Tuson to specific Bates-labeled documents already produced as part of their initial disclosures. Tuson claims this is insufficient because it is unclear whether any additional responsive documents exist.

Defendants have a duty to provide all responsive documents and to supplement their responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." FED. R. CIV. P. 26(e). As attorneys admitted to practice in this Court, the attorneys are obligated to abide by the Federal Rules of Civil Procedure and by the Orders of this Court. Indeed, the Scheduling and Discovery Order in this case states that all parties "are under an ongoing obligation to supplement the disclosures and production in this case. Failure to timely disclose or supplement discovery in this case may result in sanctions, including being prohibited from using the undisclosed information or witness." (Doc. 51). Implicit in these rules is the understanding that Defendants have produced all responsive documents in their

possession. There was no need for Defendants Edwards and Keefer to clarify that no other responsive documents exist.

## C. Supplemental Responses

Tuson next argues that all Defendants failed to adequately supplement their responses after he narrowed his requests on April 12, 2026, to seek documents, reports, photographs, video, medical records, correspondence, and other materials specifically related to the January 9, 2023 incident involving his injury. He also argues that Defendants failed to provide sufficient explanations regarding their searches for responsive materials.

Defendants Choate and Edwards did not respond to Tuson's April 12, 2026 letter because it was sent to the incorrect address and they did not receive it until May 1, 2026. Nevertheless, they assert that they have referred Tuson to all responsive documents. Only two requests—Tuson's requests for video footage from the North 2 cell block and the West 1 yard—have no responsive documents, as no video footage has been identified.

Defendant Choate responded that she had produced all documents in her possession, custody, or control. With regard to Tuson's requests for video footage, Choate responded that the footage was not relevant to Tuson's deliberate indifference claim against her as a nurse. In her response to Tuson's motion to compel, Choate further argues that that any responsive materials would be in the possession of the IDOC, and she has produced all documents she received from the IDOC.

In reply, Tuson argues that Choate has not explained what efforts she made to obtain responsive documents from IDOC, whether additional records remain available through her employment relationship with IDOC, and whether she lacks control over

Page 5 of 7

those materials. Additionally, Tuson contends that all Defendants have failed to provide information regarding what locations were searched; what records systems were examined; who conducted the searches; whether video footage once existed; whether any footage was destroyed, overwritten, or lost; any applicable retention policies; and what efforts were undertaken to locate responsive records.

Defendants are under no obligation to provide such information. These inquiries were not the subject of any of Tuson's discovery requests. Moreover, Choate explained that she produced all documents in her possession, custody, or control as well as all documents she received from the IDOC. While it is unclear whether Choate was employed by the IDOC or by a contracted medical provider, a party is only required to produce documents in its possession, custody, or control. FED. R. CIV. P. 34(a)(1)(A). There is nothing in the record to indicate that Choate has control over any IDOC documents or videos that have not yet been produced.

### D.  Failure to Provide a Privilege Log Pursuant to Rule 26(b)(5).

Finally, Tuson asserts that Defendants failed to provide a privilege log pursuant to Rule 26(b)(5)(A) to identify any documents withheld on the basis of a privilege.

Rule 26(b)(5)(A) provides that a party withholding discoverable information because the information is privileged must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A).

"Compliance with Rule 26(b)(5)(A) is not optional." *Rossman v. EN Eng'g, LLC*, 335 F.R.D. 171, 172 (N.D. Ill. 2020). It is not enough for a party merely to assert a privilege;

the party bears the burden of establishing all of the privilege's essential elements. *U.S. v. BDO Seidman,* 337 F.3d 802, 811 (7th Cir. 2003). "A privilege log must describe the nature of the documents or communications not produced in a manner that, without revealing any potentially privileged information, will enable the other parties to assess the claim." *Babych v. Psychiatric Sols., Inc.,* 271 F.R.D. 603, 608 (N.D. Ill. 2010) (citing FED. R. CIV. P. 26(b)(5)(A)). Because "a timely and adequate privilege log is required by the federal rules," failure to serve one "may result in a waiver of any protection from discovery." *Id.*

As noted above, in addition to objecting to Tuson's requests as overly broad and unduly burdensome, Defendant Choate invoked the insurer-insured privilege, attorney-client privilege, and the work-product doctrine. (Doc. 63-5). To the extent Choate has withheld any documents on the basis of these privileges, she is required to provide a privilege log in accordance with Rule 26(b)(5)(A).

### CONCLUSION

For these reasons, the Motion to Compel filed by Plaintiff Terrance Tuson (Doc. 59) is **GRANTED in part and DENIED in part**.

Defendant Amanda Choate is **ORDERED** to produce a privilege log or a statement verifying that no documents have been withheld on the basis of a privilege on or before **July 20, 2026**.

The remainder of Tuson's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 6, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**